IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> STEPHEN ROY GOODMAN, <br><br> Defendant. | CR 24-10-M-DLC <br><br><br> FINDINGS AND RECOMMENDATION |

Before the Court is a petition alleging Defendant Stephen Roy Goodman violated conditions of his supervised release. By Order entered December 18, 2024, United States District Judge Dana L. Christensen referred this matter to me to conduct a revocation hearing, and submit proposed findings and recommendations as to revocation and a recommended disposition. The Court conducted the hearing on January 3, 2025.

The petition asserts Defendant committed three violations of his conditions of release. First, the petition alleges multiple instances of noncompliance with the special condition that Defendant must participate in substance abuse testing during the period of supervision. On August 18, 2024, Defendant refused to provide a sample for a randomly scheduled urinalysis test. On August 27, 2024, Defendant had a sweat patch applied. Defendant subsequently removed and discarded the

1

sweat patch, making testing of the sweat patch impossible. On September 3, 2024, Defendant had a sweat patch applied. However, when Defendant returned to have the sweat patch exchanged, staff at the facility responsible for the sweat patch exchange noted that the patch appeared to have been tampered with and were unable to send the patch to the lab for testing. On September 10, 2024, Defendant had a sweat patch applied. Several days later, a probation officer observed that the patch was not present on Defendant's arm, but instead had been removed and placed on a plastic bottle.

Second, the petition alleges two instances of noncompliance with the mandatory condition that Defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance. On August 20, 2024, Defendant submitted to sweat patch monitoring. The sweat patch was removed from Defendant on August 27, 2024. The sweat patch was confirmed positive for methamphetamine on September 4, 2024. On September 3, 2024, Defendant signed an admission form stating he admitted to using methamphetamine on August 31, 2024.

Third, the petition alleges a single instance of noncompliance with the mandatory condition that Defendant shall not commit another federal, state, or local crime. On December 11, 2024, Defendant appeared in Montana District

2

Court and pleaded guilty to criminal possession of dangerous drugs in violation of Montana Code Annotated § 45-9-102(1). The criminal conduct occurred while Defendant was being held in the Missoula County Detention Center. Defendant was sentenced to the Department of Corrections for five years, with all time suspended. Defendant was given credit for time already served.

During the revocation hearing Defendant, represented by counsel, admitted to the violations as alleged in the petition. The parties then presented arguments as to their respective requests for disposition.

Having considered the record in this case, and the information and arguments presented at the hearing, IT IS RECOMMENDED that Defendant's supervised release be REVOKED. The recommended disposition is that Defendant be sentenced to custody for a period of 24 months with a term of 4 months of supervised release to follow his custodial sentence. IT IS FURTHER RECOMMENDED that Defendant's sentence in this matter run concurrently with his sentences in United States criminal case CR 17-19-M-DLC and in Montana criminal case DC-32-2024-0000614-IN. IT IS FURTHER RECOMMENDED that Defendant be allowed to serve his custodial sentence at Federal Correctional Institution, Williamsburg and that he be considered for the Federal Bureau of Prison's Residential Drug Abuse Program.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within 14 days of the date it is served as indicated on the Notice of Electronic Filing. The District Judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made, and may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the District Judge, and may waive the right to appear and allocute before the District Judge.

DATED this 3rd day of January, 2025.

Kathleen L. DeSoto
United States Magistrate Judge